UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BROKERARTE CAPITAL PARTNERS, LLC, | Case No. |
| | Honorable |
| Plaintiff, | |
| v. | |
| THE DETROIT INSTITUTE OF ARTS, | **VERIFIED COMPLAINT** |
| Defendants. | |

Aaron M. Phelps (P64790)
Neil E. Youngdahl (P82452)
VARNUM LLP
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
amphelps@varnumlaw.com
neyoungdahl@varnumlaw.com

Plaintiff Brokerarte Capital Partners, LLC, by and through its attorneys, VARNUM LLP, states its Verified Complaint against Defendant, the Detroit Institute of Art ("DIA"), as follows:

**INTRODUCTION**

Plaintiff Brokerarte Capital Partners, LLC, seeks to recover a painting by Vincent Van Vogh that is currently in the possession of the DIA. Plaintiff purchased the painting in 2017 and immediately transferred possession—but not title—to a third party. This party absconded with the painting, and Plaintiff has been unaware of its whereabouts for years. Recently, however, Plaintiff learned that the painting was in the possession of the DIA, apparently on loan from a private collection. Because Plaintiff retains good title to the painting and all true ownership interests in

the painting, it now brings this diversity action to recover possession of its property under M.C.L.A. §600.2920.

## PARTIES

1. Plaintiff Brokerarte Capital Partners, LLC, is a limited liability company organized under the laws of Florida. Brokerarte's sole member is Gustavo Soter, who is a citizen of Brazil. Brokerarte is therefore a citizen of Brazil. *See Akno 1010 Market Street St. Louis Missouri, LLC, v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

2. Defendant DIA is a non-profit corporation organized under the laws of Michigan with a principal place of business in Detroit, Michigan. The DIA is therefore a citizen of Michigan. 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a)(2) (providing that district courts have original jurisdiction of civil actions between "citizens of a State and citizens or subjects of a foreign state"). Additionally, the amount in controversy between Plaintiff and Defendant exceeds $75,000, exclusive of interest and costs. Plaintiff purchased the painting for $3.7 million in 2017 and estimates that its current value is over $5 million. The amount-in-controversy requirement is therefore satisfied. *Blaszczyk v. Darby*, 425 F. Supp.3d 841, 852 (E.D. Mich. 2019) ("In actions seeking . . . injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (internal quotation marks omitted).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and is subject to this Court's personal jurisdiction.

5.      This Court has personal jurisdiction over the DIA because it is incorporated under the laws of Michigan and carries on a continuous and systemic part of its general business within this State and judicial district. M.C.L.A. § 600.721; *see Walden v. Fiore*, 517 U.S. 277, 283 (2014).

## GENERAL ALLEGATIONS

6.      Plaintiff buys, sells, and collects artwork, including paintings by world-renowned artists, and advises on art collections.

7.      On or about May 3, 2017, Plaintiff purchased the painting entitled "Liseuse De Romans" (also known as "The Novel Reader" or "The Reading Lady"; referred to hereafter as "the Painting") from Torrealba Holdings, Ltd., for $3.7 million.  Bill of Sale, **Ex. A.**

8.      The Painting was created by Vincent Van Gogh in 1888.  Van Gogh is widely considered one of the greatest artists of all time:

> The striking colour, emphatic brushwork, and contoured forms of his work powerfully influenced the current of Expressionism in modern art. Van Gogh's art became astoundingly popular after his death, especially in the late 20th century, when his work sold for record-breaking sums at auctions around the world and was featured in blockbuster touring exhibitions. In part because of his extensive published letters, van Gogh has also been mythologized in the popular imagination as the quintessential tortured artist.

Vincent Van Gogh, ENCYCLOPAEDIA BRITANNICA, https://www.britannica.com/biography/Vincent-van-Gogh (last accessed January 6, 2023).

9.      Because of Van Gogh's renown, many of his works are owned by museums or other public entities, which limits the number of paintings available for private ownership.  Intense demand for Van Gogh's art among private collectors, coupled with the ever-decreasing number of works available for circulation on the open market, means that paintings by Van Gogh inevitably increase in value.  Plaintiff estimates that, today, the Painting would sell for over $5 million.

10. After Plaintiff purchased the Painting, a third party took possession of the Painting. Plaintiff never transferred title to or any interest in the Painting to this third party.

11. Since Plaintiff purchased the Painting in May 2017, Plaintiff has not known the location of the Painting. Recently, however, Plaintiff learned that the Painting is in the DIA's possession, on display as part of the museum's "Van Gogh in America" exhibition.

12. On January 5, 2023, Plaintiff's counsel confirmed that the Painting is currently hanging in the DIA. Photograph Taken by Plaintiff's Counsel on January 5, 2023, **Ex. B.**

13. Immediate action is urgently needed. The DIA's "Van Gogh in America" exhibition ends on January 22, 2023. When the exhibition ends, the Painting will be moved from the DIA's possession and will no longer be accessible to Plaintiff.

14. If the DIA moves the Painting or surrenders possession to a third-party, Plaintiff will lose the chance to recover the Painting, for which it has been searching for years.

## COUNT I: REPLEVIN/CLAIM AND DELIVERY
## MCL 600.2920

15. Plaintiff restates the previous allegations as though set forth here in their entirety.

16. Plaintiff is the lawful owner of the Painting, which is a tangible good and/or chattel.

17. Plaintiff has all true ownership interests in the Painting and retains good title to the Painting.

18. The Painting is an independent piece of property.

19. For the purposes of setting any bond, the Painting is worth at least $5 million.

20. As the Painting's lawful owner, Plaintiff has a right to possess the Painting.

21. The Painting is currently in the DIA's possession.

22. The Painting was unlawfully taken from Plaintiff and is currently being unlawfully detained by the DIA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and that this Court order Defendant to immediately and permanently allow Plaintiff to take possession of the Painting, along with all further relief appropriate under the circumstances.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Issue an order requiring Defendant to appear before this Court to answer Plaintiff's motion for possession pending final judgment, filed concurrently with this Verified Complaint, and to refrain from damaging or moving the Painting pending further order of the Court;

B. Issue temporary, preliminary, and permanent injunctive relief under Federal Rule of Civil Procedures 64 and/or 65 requiring Defendant to release the Painting to Plaintiff;

C. Enter judgment granting Plaintiff immediate possession of the Painting or a judgment for the value of the Painting;

D. Award Plaintiff any further interim and final relief, including monetary damages and costs, as justice and equity require.

## VERIFICATION

I, Gustavo Soter, am the sole proprietor of Brokerarte Capital Partners, LLC, and I am authorized to verify the foregoing Verified Complaint and do so based on my personal knowledge, company books and records, and/or matters made known to me. I declare under the penalties of perjury that this Verified Complaint has been examined by me and that its contents are true to the best of my information, knowledge, and belief. For those matters stated upon information and belief, I believe them to be true after reasonable inquiry.

Executed on January 10TH 2023.

_____
Gustavo Soter

Respectfully submitted,

VARNUM LLP
Attorneys for Plaintiff

Date:   January 10, 2023

By:   /s/ Aaron M. Phelps
Aaron M. Phelps (P64790)
Neil E. Youngdahl (P82452)
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
amphelps@varnumlaw.com
neyoungdahl@varnumlaw.com