UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BROKERARTE CAPITAL PARTNERS, LLC, | Case No. |
| | Honorable |
| Plaintiff, | |
| v. | |
| THE DETROIT INSTITUTE OF ARTS, | |
| Defendants. | |

Aaron M. Phelps (P64790)
Neil E. Youngdahl (P82452)
VARNUM LLP
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
amphelps@varnumlaw.com
neyoungdahl@varnumlaw.com

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND POSSESSION PENDING FINAL JUDGMENT

Plaintiff, through its counsel, VARNUM LLP, hereby moves this Court pursuant to Federal Rules of Civil Procedure 64 and 65 and Michigan Court Rule 3.105(E), for **(1)** an order requiring Defendant to refrain from damaging, destroying, concealing, disposing, moving, or using as to substantially impair its value, the item described as follows: the 1888 painting created by Vincent van Gogh entitled "Liseuse De Romans" a/k/a "The Novel Reader" a/k/a "The Reading Lady"

(referred to herein as "the Painting")[1]; and **(2)** an order granting possession of the Painting to Plaintiff pending final judgment.[2]

                                      Respectfully submitted,

                                      VARNUM LLP
                                      Attorneys for Plaintiff

Date: January 10, 2023                     By: /s/_____
                                      Aaron M. Phelps (P64790)
                                      Neil E. Youngdahl (P82452)
                                      Bridgewater Place, P.O. Box 352
                                      Grand Rapids, MI 49501-0352
                                      (616) 336-6000
                                      amphelps@varnumlaw.com
                                      neyoungdahl@varnumlaw.com

---

[1] Proposed "Order Pending Hearing" attached as Exhibit A.
[2] Proposed "Order for Immediate Possession Pending Judgment" attached as Exhibit B.

UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BROKERARTE CAPITAL PARTNERS, LLC,

    Plaintiff,

v.

THE DETROIT INSTITUTE OF ARTS,

    Defendants.

Case No.

Honorable

---

Aaron M. Phelps (P64790)
Neil E. Youngdahl (P82452)
VARNUM LLP
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
amphelps@varnumlaw.com
neyoungdahl@varnumlaw.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
POSSESSION PENDING FINAL JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Brokerarte Capital Partners, LLC, purchased a Van Gogh painting entitled "Liseuse De Romans" (also known as "The Novel Reader" or "The Reading Lady"; referred to hereafter as "the Painting") in May 2017 for $3.7 million. A third-party took possession of the Painting and Plaintiff has not known of the Painting's location for years. The Painting, however, recently resurfaced as part of the Detroit Institute of Art's ("DIA") "Van Gogh in America" exhibition. This exhibition is scheduled to end on January 22, 2023. At that time, the Painting will be moved or transferred to a third-party, depriving Plaintiff of the opportunity to recover its rightful property. Pursuant to Federal Rules of Civil Procedure 64 and 65, the Court should (1) immediately enter a temporary restraining order that requires the DIA to refrain from moving, concealing, or disposing of the Painting before a hearing on Plaintiff's motion for possession pending final judgment, M.C.R. § 3.105(E)(2); and (2) grant possession of the Painting to Plaintiff pending final judgment, *id*. § 3.105(E)(4)(c).

**II.    STATEMENT OF FACTS**

The relevant facts are contained in Plaintiff's Verified Complaint, which is filed concurrently to this motion and incorporated by reference.[1] Plaintiff is an art brokerage company that buys, sells, and collects artwork, including paintings by world-renowned artists, and advises on art collections. Verified Compl. ¶ 6. In May 2017, Plaintiff purchased the Painting from Torrealba Holdings, Ltd., for $3.7 million. Ex. A to Pl.'s Verified Compl. A third-party immediately took possession of the Painting. Verified Compl. ¶ 10. Plaintiff never transferred title to or any interest in the Painting to this third party. *Id*.

---

[1] The allegations of Plaintiff's Verified Complaint were sworn to by its sole proprietor, Mr. Gustavo Soter.

2

Since the third party took possession of the Painting in May 2017, Plaintiff has not known the Plaintiff's location. *Id*. ¶ 11. Recently, however, Plaintiff learned that the Painting is in the DIA's possession, on display as part of the museum's "Van Gogh in America" exhibition. *Id*. ¶ 12; Ex. B to Pl.'s Verified Compl. This exhibition ends on January 22, 2023. Verified Compl. ¶ 13. At that time, the DIA will move the Painting or transfer it a third party. *Id.* If the Painting is moved or the DIA surrenders possession to a third-party, Plaintiff will lose the chance to recover the Painting, for which it has been searching for years. *Id*. at ¶ 14.

### III. LAW AND ARGUMENT

Federal Rule of Civil Procedure 64 "makes available to the Federal Courts state remedies for the seizure of property at the commencement of an action." *Jacobson v. Coon*, 165 F.2d 565, 567 (6th Cir. 1948); Fed. R. Civ. P. 64(b). MCR 3.105 and MCL 600.2920 provide the procedure under Michigan law for recovering possession of goods. Specifically, MCR 3.105(E) allows for the filing of a verified motion for possession pending final judgment, a prompt hearing, and a variety of interim relief to be granted by the Court should the circumstances so warrant. Until such time as a hearing may be held, the Court may order that Defendants "refrain from damaging, destroying, concealing, disposing of, or using so as to substantially impair its value, the property until further order of the court." MCR 3.105(E)(2)(a).

The rule further provides that after proofs have been taken on the verified motion for possession pending final judgment, the Court may order "whatever relief the evidence requires." MCR 3.105(E)(4). This may include ordering the property to be seized or, in the alternative, requiring the defendant to file a bond, payable to the plaintiff, in an amount at least twice the value of the property stated in the complaint, upon an agreement by the defendant that the property will

3

be surrendered and the damages will be paid should the plaintiff be adjudged entitled to possession of the property. *See* MCR 3.105(E)(4)(b) and (c).

A motion for possession pending final judgment "is comparable to a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65, and federal courts in this district often consider standards of both rules when faced with such a motion." *Sutton Leasing, Inc. v. Veterans Rideshare, Inc.*, 468 F. Supp. 3d 921, 929–30 (E.D. Mich. 2020). This Court should therefore consider: "(1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction." *Id.* at 930 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)). These four factors constitute a balancing test, "not prerequisites that must be met." *Id.*

### A. As a Threshold Matter, Plaintiff is Entitled to a Temporary Restraining Order under F.R.C.P. 64 and M.C.R. 3.105(E)(2).

M.C.R. 3.105(E)(2) provides that "[a]fter a motion for possession pending final judgment is filed, the court, if good cause is shown, must order the defendant to (a) refrain from damaging, destroying, concealing, disposing of, or using so as to substantially impair its value, the property until further order of the court; and (b) appear before the court at a specified time to answer the motion."

Plaintiff has filed a motion for possession pending final judgment and shown good cause for issuance of an order consistent with M.C.R. 3.105(E)(2). Plaintiff's Bill of Sale shows that it holds legal title to the painting as of May 3, 2017. And the sworn statements of Plaintiff's Verified Complaint show that Plaintiff has been illegally deprived of its possessory interest in the Painting; that the Painting has been missing for years; and that it has finally resurfaced at the DIA. Moreover, the exhibition that features the painting is scheduled to end in a few short weeks. Given

4

the value of the painting, its one-of-a-kind nature, and its knack for disappearing, there is good cause for this Court to issue an order requiring the DIA to retain possession of the Painting pending further order of the Court. *See* M.C.R. 3.105(E)(2)(a) (providing that a court may order a defendant to "refrain from . . . concealing [or] disposing of . . . the property[.]"). Specifically, the Court must immediately order the DIA to retain the Painting until it hears and decides Plaintiff's Motion for Possession of the Painting Pending Final Judgment.

### B.  Plaintiff is Entitled to Possession of the Painting Pending Final Judgment Under F.R.C.P. 64 and M.C.R. 3.105(E)(3)(b).

"To obtain possession before judgment, the plaintiff must establish (i) that the plaintiff's right to possession is probably valid; and (ii) that the property will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before trial." M.C.R. § 3.105(E)(3)(b); *see also Sutton Leasing v. Veterans Rideshare, Inc.,* 468 F. Supp.3d 921, 929 (E.D. Mich. 2020).

Plaintiff has established that its "right to possession is probably valid." Plaintiff's Bill of Sale establishes that it purchased the Painting on May 3, 2017, and Plaintiff knows of no other transaction that would have given good title to anyone else. At this time, all facts and circumstances known to Plaintiff indicate that it remains the legal owner of the painting. As such, Plaintiff has an undisputed right to possess it. *Rassner v. Federal Collateral Soc.*, 299 Mich. 206, 213; 300 N.W. 45, 48 (1941); ("[P]ossession is one of the most valuable incidents of ownership.").

Further, Defendant is likely to move, conceal, and/or dispose of the Painting before trial can occur in this case. As Plaintiff's Verified Complaint establishes, the Painting is moveable, and the current exhibition it is featured in will close on January 22, 2023. After that date, there is no telling where the Painting will go or who will possess it. Accordingly, Plaintiff has a limited window during which it can recover its extremely valuable property.

5

Because Plaintiff has satisfied both requirements of M.C.R. § 3.105(E)(3)(b), the Court should order Defendant to immediately transfer the Painting to Defendant's possession. However, if the Court finds that Plaintiffs should not get immediate possession, this Court should, at a minimum, require Defendant to post a bond if Defendants retain possession of the Painting. M.C.R. 3.105(E)(4)(b)(i); *Vehicle Develop. Corp. v. Livernois Vehicle Develop. LLC*, No. 13-14090, 2013 WL 6196965 at *3-4 (E.D. Mich. Nov. 27, 2013) (holding that the plaintiff did not show sufficient evidence that property would be damaged, destroyed, concealed, disposed of, or used, but that the defendants should nevertheless be required to post a bond for $3.2 million, and that the defendants were further enjoined from "damaging, destroying, concealing or disposing of" the property). The amount of bond must be "not less than $100 and at least twice the value of the property stated in the complaint". M.C.R. 3.015(E)(4)(b)(i). Because the value of the Painting stated in the Verified Complaint is at least $5 million, this Court should require Defendant to post bond in the amount of $10 million if it is allowed to retain possession of the Painting. This Court should further enjoin Defendants from moving, damaging, destroying, concealing, disposing of, or using the Painting.

    **C.**    **Plaintiff's Motion Should be Granted Because the Preliminary Injunction Balancing Test Weighs Heavily in its Favor.**

In addition to satisfying the requirements of MCR 3.105(E), Plaintiff also satisfies the preliminary injunction balancing factors. "To prevail on a claim and delivery action, Plaintiff must prove that Defendants unlawfully took or detained goods or personal property, to which Plaintiff has a right to possess." *Sutton Leasing,* 468 F. Supp.3d at 938 (E.D. Mich. 2020) (citing *Ordos City Hawtai Autobody Co., Ltd. v. Diamond Rigging Co.*, No 13-14909, 2014 WL 2559264 at *9 (E.D. Mich June 6, 2014)). As Plaintiff has explained, Defendant is unlawfully detaining the

6

Painting, in contravention to Plaintiff's legal ownership and possessory rights. Plaintiff has therefore shown its likelihood of success on the merits.

Granting immediate injunctive relief will save Plaintiff from irreparable injury. Irreparable harm is harm that falls outside the scope of monetary damage. *Basicomputer v. Scott*, 973 F.2d 507, 511 (6th Cir.1992) ("[A] plaintiff's harm is not irreparable if it is fully compensable by money damages."). The Painting is a Van Gogh; it is inherently unique and difficult to value. And Plaintiff has been looking for its property for years. If the Court fails to grant immediate injunctive relief, the Painting could disappear again and be lost forever.

No harm will be done to Defendants by this Court's grant of Plaintiff's Motion. As shown above, Defendant lacks a valid ownership or possessory interest in the Painting. Accordingly, no harm can arise from requiring Defendant to return Plaintiff's property. And, finally, the public interest factor also weighs heavily in Plaintiff's favor. "The public has an interest in ensuring the right to possession of one's own property is enforceable." *Sutton Leasing*, 468 F. Supp. 3d at 939 (citing *Ordos*, 2014 WL 2559264 at *10).

### IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court temporarily restrain Defendant by entering the Order Pending Hearing (attached as Exhibit A to Plaintiff's motion) and requiring that Defendants appear before this Court. Plaintiff further requests that, under Federal Rules of Civil Procedure 64 and 65 and Michigan Court Rule 3.105(E)(4), following a hearing on the proofs, this Court enter an Order Granting Possession Pending Final Judgment (attached as Exhibit B to Plaintiff's motion) and allow Plaintiff to take immediate possession of the Painting pending final judgment in this action.

Respectfully submitted,

7

                          VARNUM LLP
                          Attorneys for Plaintiff

Date: January 10, 2023            By: /s/
                                                      Aaron M. Phelps (P64790)
                                                      Neil E. Youngdahl (P82452)
                                                        Bridgewater Place, P.O. Box 352
                                                       Grand Rapids, MI 49501-0352
                                                       (616) 336-6000
                                                       amphelps@varnumlaw.com
                                                       neyoungdahl@varnumlaw.com